FILED
2022 Jun-14  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| IRIS ROBERTSON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>WALMART STORES EAST, L.P.,  )<br>a corporation; SARA WEBB, an  )<br>individual; and Fictitious Defendants  )<br>A through C, being the person, firm, or  )<br>corporation which owned, operated or  )<br>controlled the WAL-MART Store  )<br>located at 3186 AL-171 N, Fayette, AL  )<br>35555 on or about June 19, 2020;  )<br>D through F, being the person, firm, or  )<br>corporation who was responsible for  )<br>maintaining and keeping the aisles of  )<br>the WAL-MART Store located at 3186  )<br>AL-171 N, Fayette, AL 35555 free of  )<br>debris and tripping or slipping hazards  )<br>at the time of Plaintiff's injury; and  )<br>G through I, being the individual  )<br>manager or supervisory person at the  )<br>WAL-MART Store located at 3186  )<br>AL-171 N, Fayette, AL 35555, who  )<br>was responsible for maintaining and  )<br>keeping the premises free of slipping  )<br>and tripping hazards at the time of the  )<br>Plaintiff's injury, whose true names  )<br>and legal status are unknown to the  )<br>Plaintiff at this time, but who will be  )<br>added by amendment as soon as  )<br>ascertained,  )<br>)<br>Defendants.  ) | CIVIL ACTION NO.: _____ |

## NOTICE OF REMOVAL

COMES NOW one of the Defendants in the above-styled action, **Walmart Stores East, L.P.**, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Fayette County, Alabama to the United States District Court for the Northern District of Alabama, Jasper Division. In support of this removal, Defendant states as follows:

### I. PROCEDURAL BACKGROUND

1. On May 11, 2022, Iris Robertson ("Plaintiff") filed a Complaint against the Defendants in Fayette County, Alabama, Civil Action No. 32-CV-2022-900020.

2. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as **Exhibit 1**.

3. Walmart Stores East, L.P. was served with the summons and complaint on May 13, 2022. Upon information and belief, Sara Webb has not been served with the summons and complaint.

4. Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading, and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order, or other paper. 28 U.S.C. §1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for

the removal. *See* 28 U.S.C. §1446(b); *Lowery v. Ala. Power Co.*, 483 F.3d 1184,1212-13 (11th Cir. 2007).

5. Prior to the filing of the subject suit, Defendant was provided with a letter from Plaintiff's counsel demanding $350,000.00 as a result of the incident made the basis of this lawsuit. (**Exhibit 2**, letter from Plaintiff's Counsel). The letter further alleges Plaintiff has incurred medical expenses of over $32,000.00 to date. (Ex. 2, letter from Plaintiff's Counsel). Plaintiff's Complaint asserts she "suffered physically and emotionally," and "seeks to recover for the following injuries and economic/non-economic damages: (a) [p]ast medical expenses; (b) [f]uture medical expenses; (c) [p]ast and future wage loss including permanent impairment of earning capacity; (d) [p]ermanent physical disability; (e) [p]ast and future physical pain and mental anguish; and (f) [o]ther damages allowed by the law" for which she demands compensatory and punitive damages. (Complaint, ¶ 18).

Based upon Plaintiff's claims and settlement demand, it is clear alleged damages in this lawsuit equate to over $75,000.00. Consequently, this matter is removable under 28 U.S.C. § 1446(b) within thirty days after the service of the Complaint on Defendant. Although Defendant denies liability alleged against it by Plaintiff, it is unquestionable that the damages claimed by Plaintiff in this matter exceed the $75,000 amount in controversy for removal under diversity jurisdiction.

6. This notice is being filed with the United States District Court within thirty (30) days after receipt of the initial pleadings. Therefore, this notice is timely under 28 U.S.C. § 1446(b).

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and the Defendants. Additionally, the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II. DIVERSITY JURISDICTION

8. As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Furthermore, this Notice of Removal has been filed within thirty (30) days of the date when Defendants received service of the Complaint and, therefore, complies with the procedural requirements of 28 U.S.C. § 1441(b).

### A. There Is Complete Diversity of Citizenship Between the Parties

9. This action involves "citizens of different states." 28 U.S.C. §1332(a)(1).

10. Plaintiff Iris Robertson is an individual resident of Fayette County, Alabama. (Complaint, ¶ 1).

11. Defendant Wal-Mart Stores East, L.P. is an Arkansas limited liability company with its principal place of business in Arkansas. (Alabama Secretary of State Business Entity Records, attached hereto as **Exhibit 3**).

12. Defendant Sara Webb is an individual resident of Greene County, Tennessee. (Affidavit of Sara Webb, attached hereto as **Exhibit 4**).

13. Accordingly, the Defendants are not citizens of Alabama, Plaintiff's place of residence, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). *See MacGinnitie v. Hobbs Group*, 420 F.3d 1234, 1239 (11th Cir. 2005) (stating "For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.").

14. It has long been held that the court's diversity jurisdiction is established at the time the notice of removal is filed. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Further, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(b).

15. Accordingly, there is complete diversity among the Plaintiff and Defendants in this matter.

B. **The Amount-In-Controversy Requirement is Satisfied**

16. The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

17. In her complaint, Plaintiff alleges she suffered severe and permanent injuries, past and future physical pain, past and future mental anguish and lost wages. (Complaint ¶¶ 8, 18-19). As a result of this alleged injury, Plaintiff seeks damages for negligence and wantonness in an unspecified amount. (Complaint, ¶¶ 9-11). Plaintiff seeks recovery of previously incurred medical expenses, as well as future medical expenses, past and future lost wages, and other monetary losses as damages in this case. (Complaint, ¶¶ 18-19).

18. Where there is an unspecified claim for damages, a removing defendant is not required to prove the plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Instead, the defendant faces the lower burden of demonstrating "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement. *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389 (citing *Tapscott*, 77 F.3d at 1357). *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389.

19. To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Rowe v.*

*Michelin. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010) (concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal" including defendants' own affidavits, declarations, or other documents). Such evidence may include demand letters received from the plaintiff. *Partridge v. Target Corp.*, No. CV 10-PWG-2428-NE, 2011 WL 13229686, at *2 (N.D. Ala. July 11, 2011) (citing *Lowery v. Ala. Power*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007)); *Foshee v. Cleavenger*, No. 2:14CV965-SRW, 2014 WL 6978276, at *5 (M.D. Ala. Dec. 4, 2014).

20.    Moreover, the Eleventh Circuit has stated:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See Id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams [v. Best Buy Co., Inc.]*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe v. Michelin Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

21. The preponderance of the evidence establishes that the amount in controversy requirement is met in this action. In fact, Plaintiff demanded $350,000 for her claims. (Exhibit 3). Thus, Plaintiff herself has alleged that her damages in this matter exceed the $75,000.00 threshold for diversity jurisdiction under § 1332(a).

22. Moreover, this Court is allowed to look to judicial experience to reasonably deduce the amount in controversy. In similar cases wherein a plaintiff has successfully asserted claims against a defendant for severe and permanent physical injury arising from a fall on the defendant's premises, jury verdicts have exceeded the jurisdictional requirement. *See Methvin, et al. v. Coca-Cola Bottling Co. Consolidated, et al.*, 19 Ala. Civ. Trial Rptr. 3-24, 2019 WL 1983922 (Cir. Ct. Mobile Cnty. Jan. 16, 2019) (awarding plaintiff Melissa Methvin $1,400,000.00 in damages for injuries sustained when plaintiff slipped and fell on water located on the floor); *Letson v. Huntsville Hospital*, 18 Ala. Civ. Trial Rptr. 6-15, 2018 WL 3105528 (Cir. Ct. Madison Cnty. Mar. 12, 2018) (providing a settlement of $145,000 to the plaintiff for sustained knee and back injuries in a trip and fall at her place of employment); *Preston v. Medical Ctr. Hotel, Inc., et al.*, 15 Ala. Civ. Trial Rptr. 11-12, 2015 WL 7729423 (Cir. Ct. Jefferson Cnty. June 15, 2015) (awarding $420,050.00 in damages to plaintiff on her claims of negligence against defendants

Medical Center Hotel and Blumberg arising out of her trip and fall over a floor drain on defendants' premises).

23. As such, the amount in controversy requirement of 28 U.S.C § 1332(a) is met as the preponderance of the evidence establishes that Plaintiff seeks over $75,000.00 in compensatory and punitive damages from the Defendants.

### C. The Other Prerequisites for Removal Have Been Satisfied

24. In addition to satisfying the requirements for diversity of jurisdiction, Defendants have satisfied all other requirements for removal.

25. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

26. Defendants have not previously removed this action.

27. Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage and no discovery has occurred.

28. Removal to this district and division is proper under 28 U.S.C § 81(a)(1) because this district and division embraces the Circuit Court of Fayette County, Alabama, the forum in which the removed action was pending.

29. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Fayette County, Alabama, where this action was pending.

## III. **CONCLUSION**

30. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, PREMISES CONSIDERED, Defendant Walmart Stores East, L.P. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Fayette County, Alabama, to the United States District Court for the Northern District of Alabama, Jasper Division.

Respectfully submitted,

s/ *Chris Zulanas*
Christopher J. Zulanas (ASB-1572-U82C)
Gwendolyn A. Gordon (ASB-2775-O74A)
*Counsel for the Defendant*
*Walmart Stores East, L.P.*

OF COUNSEL:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail and/or CM/ECF notification on this date: June 13, 2022.

W. Roper Elrod
Wettermark & Keith, LLC
100 Grandview Parkway, Ste 530
Birmingham, AL 35243
relrod@wkfirm.com
*Counsel for the Plaintiff*

                                                    s/ *Chris Zulanas*
                                                    OF COUNSEL