FILED

2022 Jun-14  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

ELECTRONICALLY FILED
5/11/2022 12:34 PM
32-CV-2022-900020.00
CIRCUIT COURT OF
FAYETTE COUNTY, ALABAMA
SAMANTHA W. HOWARD, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>32<br><br>Date of Filing:<br>05/11/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA
### IRIS ROBERTSON v. WAL-MART STORES EAST, LP ET AL

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☑ Business  ☐ Individual
  ☐ Government  ☐ Other         ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

  R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____ELR004_____          _____5/11/2022 12:34:29 PM_____          _____/s/ W. ROPER ELROD_____
                                    Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**     ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**     ☐ YES ☑ NO

ELECTRONICALLY FILED
5/11/2022 12:34 PM
32-CV-2022-900020.00
CIRCUIT COURT OF
FAYETTE COUNTY, ALABAMA
SAMANTHA W. HOWARD, CLERK

## IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

| | | |
|---|---|---|
| **IRIS ROBERTSON, an individual;** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO:** _____ |
| | ) | |
| **WAL-MART STORES EAST, LP, a** | ) | |
| **corporation; SARA WEBB, an individual; and** | ) | **JURY DEMAND** |
| **A through C being the person, firm or** | ) | |
| **corporation which owned, operated, or** | ) | |
| **controlled the WAL-MART Store** | ) | |
| **located at 3186 AL-171 N, Fayette, AL 35555 on** | ) | |
| **or about June 19, 2020; D through F, being** | ) | |
| **the person, firm, or corporation who was** | ) | |
| **responsible for maintaining and keeping the** | ) | |
| **aisles of the WAL-MART store located at 3186** | ) | |
| **AL-171 N, Fayette, AL 35555 free of debris and** | ) | |
| **tripping or slipping hazards at the time of** | ) | |
| **Plaintiff's injury; and G through I, being the** | ) | |
| **individual manager or supervisory person at the** | ) | |
| **WAL-MART Store located at 3186 AL-171 N,** | ) | |
| **Fayette, AL 35555, who was responsible for** | ) | |
| **maintaining and keeping the premises free of** | ) | |
| **slipping and tripping hazards at the time of the** | ) | |
| **Plaintiff's injury, whose true names and legal** | ) | |
| **status are unknown to the Plaintiff at this time,** | ) | |
| **but who will be added by amendment as soon** | ) | |
| **as ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, and for her Complaint against the Defendants states the following:

## I. PARTIES, JURISDICTION, AND VENUE

1.      The Plaintiff, Iris Robertson, is and was a resident citizen of Fayette County,

Alabama at all material times referred to herein.

2.     Based upon information and belief, the Defendant, Wal-Mart Stores East, LP (hereinafter "Defendant Walmart"), is a foreign corporation which regularly does business in Fayette County, Alabama.

3.     Based upon information and belief, the Defendant, Sara Joan Webb, (hereinafter "Defendant Webb"), is an individual over the age of nineteen (19) years, and is believed to be a resident citizen of Fayette County, Alabama.  Further, Defendant Webb is believed to be store manager on duty at the "Walmart" store # 1052, located at 3186 AL-171 N, Fayette, AL 35555 on the date and time forming the basis of the present action.

4.     Fictitious Defendant(s) A through C, is/are believed to be a resident citizen, municipality, and/or corporation doing business in Fayette County, Alabama, at all material times referred to herein.

5.     Fictitious Defendant(s) D through F, is/are believed to be a resident citizen, municipality, and/or corporation doing business in Fayette County, Alabama, at all material times referred to herein.

6.     Fictitious Defendant(s) G through I, is/are believed to be a resident citizen, municipality, and/or corporation doing business in Fayette County, Alabama, at all material times referred to herein.

7.     It is upon information and belief that the incident which forms the basis of this lawsuit occurred at the Walmart store located at 3186 AL-171 N, Fayette, AL 35555, in Fayette County.

## II. FACTS

8.     On or about June 19, 2020, Plaintiff Iris Robertson was a business invitee on

the premises of Defendant Walmart, in Fayette, Alabama, in Fayette County, located at the address of 3186 AL-171 N, Fayette, AL 35555. On or about this date, Plaintiff Iris Robertson slipped on a slippery substance on the floor of the aisle of the Walmart in question. As a direct and proximate result of the aforementioned incident, she was caused to sustain severe and permanent injuries.

### III. <u>FIRST CAUSE OF ACTION - NEGLIGENCE/WANTONNESS</u>
(NEGLIGENCE/WANTONNESS OF DEFENDANT WALMART, DEFENDANT WEBB and A through C)

9.      Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

10.     The Plaintiff avers that all of her injuries and damages were proximately caused by negligence and/or wantonness of the Defendant Walmart, Defendant Webb and/or Defendant A through C and/or their agents, servants, or employees while acting within the line and scope of their employment for the Defendants.

11.     At the time of the incident which is the subject of action, Ms. Robertson was a business invitee on the premises of Defendant Walmart located at 3186 AL-171 N, Fayette, AL 35555, in Fayette County. All of her injuries and damages were caused by the negligent and/or wanton failure of the Defendant Walmart, Defendant Webb and/or Defendant, A through C to use reasonable care to provide her with a reasonably safe environment.

### IV. <u>SECOND CAUSE OF ACTION - NEGLIGENCE/WANTONNESS</u>
(NEGLIGENCE/WANTONNESS OF DEFENDANT D through F)

12.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

set forth above.

13.     The Plaintiff avers that all of her injuries and damages were proximately caused by negligence and/or wantonness of the Defendant, D through F, and/or their agents, servants, or employees while acting within the line and scope of their employment for the Defendant, D through F.

14.     At the time of the incident which is the subject of action, Ms. Robertson was a business invitee on the premises of Defendant Walmart located at 3186 AL-171 N, Fayette, AL 35555, in Fayette County. All of her injuries and damages were caused by the negligent and/or wanton failure of the Defendant Walmart and/or Defendant, D through F, to use reasonable care to provide her with a reasonably safe environment.

### V. <u>THIRD CAUSE OF ACTION - NEGLIGENCE/WANTONNESS</u>
(NEGLGIENCE/WANTONNESS OF DEFENDANT G THROUGH I)

15.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

16.     The Plaintiff avers that all of her injuries and damages were proximately caused by negligence and/or wantonness of the Defendant, G through I, and/or their agents, servants, or employees while acting within the line and scope of their employment for the Defendant, G through I.

17.     At the time of the incident which is the subject of action, Ms. Robertson was a business invitee on the premises of Defendant Walmart located at 3186 AL-171 N, Fayette, AL 35555, in Fayette County. All of her injuries and damages were caused by the negligent and/or wanton failure of the Defendant Walmart and/or Defendant, G through I, to use

reasonable care to provide her with a reasonably safe environment.

## VI. <u>DAMAGES</u>

18.     As a result of the negligent and wanton acts or omissions of the Defendant(s), the

Plaintiff suffered physically and emotionally, and now seeks to recover for the following injuries

and economic/non-economic damages:

(a)     Past medical expenses;

(b)     Future medical expenses;

(c)     Past and future wage loss including permanent impairment of earning

capacity;

(d)     Permanent physical disability;

(e)     Past and future physical pain and mental anguish; and

(f)     Other damages allowed by the law.

19.     Plaintiff seeks to recover a sum that will fairly and fully compensate her for her

damages.  Because of the severity of his injuries, Plaintiff expects such fair compensation to be

well in excess of the jurisdictional minimums of this Court.

## VII. <u>JURY DEMAND</u>

20.     Plaintiff requests a trial by struck jury.

Respectfully submitted,

/s/ W. Roper Elrod
W. Roper Elrod (ELR004)
Attorney for Plaintiff

<u>**OF COUNSEL:**</u>
WETTERMARK & KEITH LLC
100 Grandview Parkway, Suite 530

Birmingham, AL 35243
Telephone:     (205) 212-3039
Facsimile:     (205) 747-4952
Email:          relrod@wkfirm.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Wal-Mart Stores East, LP
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**PLAINTIFF WILL SERVE DEFENDANT VIA PRIVATE PROCESS SERVER AS FOLLOWS:**

Sara Joan Webb
11592 Highway 107
Winfield, AL 35594-4270

## IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

| | |
|---|---|
| IRIS ROBERTSON, an individual; ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO:** _____ |
| ) | |
| WAL-MART STORES EAST, LP, a ) | |
| corporation; SARA WEBB, an individual; and ) | **JURY DEMAND** |
| A through C being the person, firm or ) | |
| corporation which owned, operated, or ) | |
| controlled the WAL-MART Store ) | |
| located at 3186 AL-171 N, Fayette, AL 35555 on ) | |
| or about June 19, 2020; D through F, being ) | |
| the person, firm, or corporation who was ) | |
| responsible for maintaining and keeping the ) | |
| aisles of the WAL-MART Store located at 3186 ) | |
| AL-171 N, Fayette, AL 35555 free of debris and ) | |
| tripping or slipping hazards at the time of ) | |
| Plaintiff's injury; and G through I, being the ) | |
| individual manager or supervisory person at the ) | |
| WAL-MART Store located at 3186 AL-171 N, ) | |
| Fayette, AL 35555, who was responsible for ) | |
| maintaining and keeping the premises free of ) | |
| slipping and tripping hazards at the time of the ) | |
| Plaintiff's injury, whose true names and legal ) | |
| status are unknown to the Plaintiff at this time, ) | |
| but who will be added by amendment as soon ) | |
| as ascertained, ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART STORES EAST, LP

**COMES NOW** the Plaintiff, in the above styled cause, pursuant to the Alabama Rules of

Civil Procedure and propounds the following Interrogatories to Defendant Wal-Mart Stores East,

LP (hereinafter referred to as "Defendant"), as follows:

1.      Please state the full name, address, job title, and present employer of each person answering and assisting in answering these interrogatories on behalf of this Defendant.

**ANSWER:**

2.      State the name and address of the owner of the Walmart store located at the address of related to this suit.

**ANSWER:**

3.      State the name and address of the person or entity in exclusive possession and/or control of the Walmart store located at 3186 AL-171 N, Fayette, AL 35555 on June 19, 2020, at the time of the incident in question.

**ANSWER:**

4.      State the name and address of the person or entity in control of that area of the premises where the incident in question occurred at the time of the occurrence.

**ANSWER:**

5.      State the name and address of each person, including experts, having any knowledge of the relevant facts related to the accident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**ANSWER:**

6.      State the name, address, and telephone number of any persons who witnessed the occurrence in question.

**ANSWER:**

7.      State the name and address of any potential party to this lawsuit, not already named as a party hereto.

**ANSWER:**

8.      Please state whether you have a copy of any statement which the Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody, or control.

For the purpose of this question, a statement previously made includes (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**ANSWER:**

9.      Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by statin the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**ANSWER:**

10.     Describe in your own words how the incident made this basis of this suit occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

11.     Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the incident in question.

**ANSWER:**

12.     State the full name, current address, telephone number, qualifications, and present employment of each person who you expect to call as an expert witness at the trial of this case, the

subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert.

**ANSWER:**

13.    Please state the full name of the individual answering these Interrogatories, as well as your correct title and position within the organizational structure of the entity identified in the answers to the following questions (Walmart), at the present time and on the date of the occurrence in question.

**ANSWER:**

14.    Please state the full and correct name of the Defendant's corporate entity, the date on which incorporated, the state of incorporation, the names and the addresses of all officers, and when the corporation was licensed to do business in the State of Alabama.

**ANSWER:**

15.    Please describe in detail any previous incident(s) of which the Defendant is aware which occurred in substantially the same way as the Plaintiff's accident or in the same or nearby location during the previous five (5) years.

**ANSWER:**

16.    Please describe in detail any changes that have been made by the Defendant to the physical site of the accident or to the warnings or signs relating thereto since the occurrence in question.

**ANSWER:**

17.    If you have entered into or reached any type of settlement agreement with any person or entity (whether a party to this lawsuit or not) regarding the incident made the basis of

this lawsuit, please identify all parties to said settlement agreement and the terms and conditions of such settlement agreement.

**ANSWER:**

18.     Did the Defendant conduct an investigation of the incident which forms the basis of this suit?

**ANSWER:**

19.     Is it, or was it at the time of the accident made the basis of this lawsuit, the regular course of business and standard procedure for the Defendant to investigate any accident on the premises wherein somebody was injured?

**ANSWER:**

20.     If there was an investigation made of the incident that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which Defendant was aware at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

**ANSWER:**

21.     Please state the name of the person or persons who conducted the investigation of the occurrence in question.

**ANSWER:**

22.     What is the Defendant's contention as to the cause of the accident which forms the basis of this suit?

**ANSWER:**

23.     What is the Defendant's contention as to the Plaintiff's legal status on the premises at the time of the occurrence in question, i.e., whether Plaintiff was a business invitee, licensee, or trespasser?

        **ANSWER:**

24.     If you contend that the Plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact, document or thing on which you base such a contention.

        **ANSWER:**

25.     When was the date and time of the last inspection by Defendant, its agents or employees, of the physical site where this accident occurred?

        **ANSWER:**

26.     Please state whether the Defendant was aware of the defect or condition which Plaintiff alleges to be the cause of the occurrence in question.

        **ANSWER:**

27.     Describe what efforts the Defendant made to warn of the conditions or defect which Plaintiff alleges to be the location and cause of the occurrence in question.

        **ANSWER:**

28.     What is the Defendant's contention as to the Plaintiff's knowledge (before the accident), objective or subjective, of the defect or condition which the Plaintiff alleges to be the cause of the occurrence in question?

        **ANSWER:**

29.     Please describe any claims or lawsuits that have heretofore been brought against this Defendant by reason of an accident or injury at the same or similar location, or a similar type of accident on the Defendant's premises at some other location, within the last five (5) years.

**ANSWER:**

30.     What efforts were made by the Defendant to correct the condition or defect, which Plaintiff contends caused the occurrence in question, before the accident in question?

**ANSWER:**

31.     If the Defendant corrected, repaired or fixed in any way the defect or condition which the Plaintiff alleges to have been the cause of the accident in question, please state what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

**ANSWER:**

32.     Does the Defendant content that the Plaintiff consumed alcoholic beverages or drugs at the time of or immediately preceding the time of the accident?

**ANSWER:**

33.     Does the Defendant contend to be the condition of the premises on the occasion in question with respect to:

(a)     lighting;

(b)     repair and maintenance;

(c)     visibility;

(d)     slipperiness of walking surface;

(e)     dampness; and

(f)     physical obstructions.

**ANSWER:**

34.     Did the Defendant have any procedures for regular inspection of the premises at the time of the occurrence in question? If so, please describe.

**ANSWER:**

35.     Please identify all photographs, motion pictures, video TV recordings, surveillance videos, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happening made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**ANSWER:**

36.     Please state the name and address of each employee on duty at the time of the incident made the basis of this lawsuit.

**ANSWER:**

37.     Please list the names and address of all managers or persons having supervisory authority at the Walmart store located at 3186 AL-171 N, Fayette, AL 35555, on the date of the occurrence made the basis of this suit, regardless of whether he/she was on duty at the time of the accident made the basis of this suit.

**ANSWER:**

38.     Please describe what training procedures, if any, are followed in the course of training of the Defendant's employees with regard to customers' slipping and/or falling. This

includes any and all written material, slides, photographs, films, videotapes, etc. which

Defendant utilizes in training its employees.

**ANSWER:**

39.    If a report was made by an employee of Defendant in the ordinary course of

business with respect to Plaintiff's accident, state the name and address of the person who made

the report, the date thereof, and in whose custody it is.

**ANSWER:**

40.    Does this Defendant contend that they are not properly identified in Plaintiff's

Complaint or that services of process was not perfected?  If so, state each and every basis for this

contention.

**ANSWER:**


                                        /s/ W. Roper Elrod_____
                                        W. ROPER ELROD (ELR004)

**OF COUNSEL:**
**WETTERMARK KEITH**
100 Grandview Place, Suite 530
Birmingham, AL 35243
Telephone: (205) 212-3039
Facsimile: (205) 747-4952
Email: relrod@wkfirm.com


**SERVE WITH SUMMONS & COMPLAINT**

## IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON, an individual;     )
     )
     )
    Plaintiff,     )
     )
v.     )    CASE NO: _____
     )
WAL-MART STORES EAST, LP, a     )
corporation; SARA WEBB, an individual; and  )    JURY DEMAND
A through C being the person, firm or     )
corporation which owned, operated, or     )
controlled the WAL-MART Store     )
located at 3186 AL-171 N, Fayette, AL 35555 on )
or about June 19, 2020; D through F, being     )
the person, firm, or corporation who was     )
responsible for maintaining and keeping the     )
aisles of the WAL-MART Store located at 3186  )
AL-171 N, Fayette, AL 35555 free of debris and )
tripping or slipping hazards at the time of     )
Plaintiff's injury; and G through I, being the     )
individual manager or supervisory person at the )
WAL-MART Store located at 3186 AL-171 N,     )
Fayette, AL 35555, who was responsible for     )
maintaining and keeping the premises free of     )
slipping and tripping hazards at the time of the )
Plaintiff's injury, whose true names and legal     )
status are unknown to the Plaintiff at this time, )
but who will be added by amendment as soon     )
as ascertained,     )
     )
    Defendants.     )

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, LP

**COMES NOW** the Plaintiff, Iris Robertson, by and through undersigned counsel, and

pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and requests that this Defendant,

Wal-Mart Stores East, LP, (hereinafter referred to as "Defendant") to produce or make available

for inspection and copying the following documents:

1.      Any contracts between the owner of the Walmart store located at the address of 3186 AL-171 N, Fayette, AL 35555, and the Defendant at the time of the Plaintiff's injury, and for the year immediately preceding the Plaintiff's injury.

**RESPONSE:**

2.      Contracts between the Defendant and any maintenance and/or repair service in effect at the time of the Plaintiff's injury, and for the year immediately preceding the Plaintiff's injury.

**RESPONSE:**

3.      Contracts between the owner of the Walmart store and any maintenance and/or repair service in effect at the time of the Plaintiff's injury.

**RESPONSE:**

4.      Any indemnity agreement between any party to this lawsuit and any nonparty which is relevant to the accident and injuries made the basis of this suit.

**RESPONSE:**

5.      Any rules, management guidelines, operating guidelines, or other similar writing or document that purport to show operating procedures for the management, care, maintenance, repair, and service of the Walmart store in question.

**RESPONSE:**

6.      Any and all photographs that the Defendant has of the scene of incident or the resulting injuries to the Plaintiff.

**RESPONSE:**

7.      Any and all expert reports which have been obtained from any expert, and if a report has not been prepared, the preparation of a report is hereby requested.

**RESPONSE:**

8.      Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

9.      Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**RESPONSE:**

10.     Any and all drawings, maps, blueprints, diagrams, schematics, layouts, or sketches of the scene of the accident made the basis of this lawsuit.

**RESPONSE:**

11.     Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

**RESPONSE:**

12.     A copy of any and all surveillance footage, movies, videos, or photographs which have been made of Plaintiff at any time by this Defendant, at this Defendant's request, or is currently in the possession of this Defendant.

**RESPONSE:**

13.     Any and all expert reports that were or will be reviewed by a testifying expert in this case.

**RESPONSE:**

14.    Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert.

**RESPONSE:**

15.    Any and all work papers, notes, and/or documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report that is or will be relied upon in whole or in part by a testifying expert in this case.

**RESPONSE:**

16.    All documents or tangible things prepared by an expert whom you expect to call as a witness, including, but not limited to, any report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

**RESPONSE:**

17.    Any treatises and/or authoritative literature on which any expert intends to rely in his testimony in this case.

**RESPONSE:**

18.    Copies of reports of any and all similar accidents prepared by any and all employees of the Walmart store in question for the five (5) year period prior to the accident made the basis of this lawsuit up to and through the present date.

**RESPONSE:**

19.    A current copy of the curriculum vitae or resume of any expert who may be called to testify at trial.

**RESPONSE:**

20.    All materials including, but not limited to, employee manuals, memoranda, and/or

correspondence pertaining to safety rules and/or regulations to be followed by the employees of the Defendant to ensure customer safety in the Defendant's store.

**RESPONSE:**

21.     All site inspection reports or other documents relating to observation of site cleanliness and/or safety of the area in which the Plaintiff was injured, by any person or entity, including the Defendant, for the Walmart store in question, for a period of one year prior to, and all dates subsequent to, the date of the accident made the basis of this lawsuit.

**RESPONSE:**

22.     Copies of any and all documentation for the area in which the Plaintiff was injured, including, but not limited to, cleanup orders, log books, journals, and service orders relating to the cleaning and maintenance of the area in which the Plaintiff was injured , which set forth all requests for maintenance and verification that each maintenance request was completed, including the name of the employee who requested the work and the name of the person who carried out the maintenance on the date of the accident made the basis of this lawsuit, for a period of one year prior to, and all dates subsequent to, the date of the accident made the basis of this lawsuit.

**RESPONSE:**

23.     Produce any documents, reports, or other written records pertaining to any investigation conducted by this Defendant, or by any individual/entity on behalf of this Defendant, concerning the subject incident, that is not privileged at law. If there are documents, reports, or other written records pertaining to any investigation that is privileged at law, please produce a privilege log.

**RESPONSE:**

24.     Any and all books, documents, photographs, or other tangible things which may be

used at the time of the trial, which may have any bearing on this cause of action.

**RESPONSE:**

25.     Any and all documents and/or tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

**RESPONSE:**

26.     All video surveillance footage, or otherwise, depicting the Plaintiff on the Defendant's premises on the day of the subject incident.

**RESPONSE:**

27.     All social media posts by Iris Robertson that are possessed by this Defendant.

**RESPONSE:**

28.     Please provide any and all documentation this Defendant receives via Subpoena, pursuant to Rule 45 ARCP, throughout the process of this litigation.

**RESPONSE:**

/s/ W. Roper Elrod
W. ROPER ELROD (ELR004)

**OF COUNSEL:**
**WETTERMARK KEITH**
100 Grandview Place, Suite 530
Birmingham, AL 35243
Telephone: (205) 212-3039
Facsimile: (205) 747-4952
Email: relrod@wkfirm.com

**SERVE WITH SUMMONS & COMPLAINT**

AlaFile E-Notice

32-CV-2022-900020.00

To:  W. ROPER ELROD
     wrelrod27@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL
32-CV-2022-900020.00

The following complaint was FILED on 5/11/2022 12:34:16 PM

Notice Date:      5/11/2022 12:34:16 PM

SAMANTHA W. HOWARD
CIRCUIT COURT CLERK
FAYETTE COUNTY, ALABAMA
113 TEMPLE AVENUE NORTH, P.O. BOX 906
FAYETTE, AL, 35555

205-932-4617
samantha.howard@alacourt.gov



AlaFile E-Notice

32-CV-2022-900020.00

To:  SARA JOAN WEBB
     11592 HIGHWAY 107
     WINFIELD, AL, 35594

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL
32-CV-2022-900020.00

The following complaint was FILED on 5/11/2022 12:34:16 PM

Notice Date:     5/11/2022 12:34:16 PM

SAMANTHA W. HOWARD
CIRCUIT COURT CLERK
FAYETTE COUNTY, ALABAMA
113 TEMPLE AVENUE NORTH, P.O. BOX 906
FAYETTE, AL, 35555

205-932-4617
samantha.howard@alacourt.gov



AlaFile E-Notice

32-CV-2022-900020.00

To:  WAL-MART STORES EAST, LP
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL
32-CV-2022-900020.00

The following complaint was FILED on 5/11/2022 12:34:16 PM

Notice Date:     5/11/2022 12:34:16 PM

SAMANTHA W. HOWARD
CIRCUIT COURT CLERK
FAYETTE COUNTY, ALABAMA
113 TEMPLE AVENUE NORTH, P.O. BOX 906
FAYETTE, AL, 35555

205-932-4617
samantha.howard@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>**32-CV-2022-900020.00** |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA**
**IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL**

**NOTICE TO:** SARA JOAN WEBB, 11592 HIGHWAY 107, WINFIELD, AL 35594

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), W. ROPER ELROD                                                                                                                ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 100 GRANDVIEW PLACE, SUITE #530, BIRMINGHAM, AL 35243                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                              *(Name(s)]*

05/11/2022                          /s/ SAMANTHA W. HOWARD          By: _____
*(Date)*                                      *(Signature of Clerk)*                              *(Name)*

☐ Certified Mail is hereby requested.          _____

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*                              *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____
*(Type of Process Server)*                      *(Server's Signature)*                    *(Address of Server)*

_____          _____
*(Server's Printed Name)*                    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>**32-CV-2022-900020.00** |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA**
**IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL**

**NOTICE TO:** WAL-MART STORES EAST, LP, C/O CT CORPORATION SYSTEM 2 N JACKSON ST., STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
W. ROPER ELROD_____,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 100 GRANDVIEW PLACE, SUITE #530, BIRMINGHAM, AL 35243_____.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of  IRIS ROBERTSON___
pursuant to the Alabama Rules of the Civil Procedure.                                                                *[Name(s)]*

| 05/11/2022 | /s/ SAMANTHA W. HOWARD | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ W. ROPER ELROD_____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                                        *(Name of County)*

Alabama on _____.

*(Date)*

_____     _____     _____

*(Type of Process Server)*          *(Server's Signature)*                    *(Address of Server)*

_____     _____

*(Server's Printed Name)*            *(Phone Number of Server)*

# U.S. Postal Service™

# CERTIFIED MAIL® RECEIPT

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com* .

**OFFICIAL USE**

05/11/2022

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)         $ _____

☐ Certified Mail Restricted Delivery   $ _____

☐ Adult Signature Required            $ _____

☐ Adult Signature Restricted Delivery  $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To  Wal-Mart Stores East, LP

Street and Apt. No., or PO Box No.  C/O C.T. Corp. System - 2 N. Jackon St.

City, State, ZIP+4®  Montgomery, AL 36104

PS Form 3800, April 2015 PS 7530-02-000-9047          See Reverse for Instructions

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7021 0350 0002 2949 8422

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).

- A unique identifier for your mailpiece.

- Electronic verification of delivery or attempted delivery.

- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.

- Certified Mail service is *not* available for international mail.

- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.

- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:

  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.

  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).

  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X     ☐ Agent <br>     ☐ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery |

1. Article Addressed to:

Wal-Mart Stores East, LP

Clo CT Corporation System

2 N. Jackson St., Ste. 605

Montgomery, AL 36104

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 6798 1074 1980 42

2. Article Number (Transfer from service label)

7021 0350 0002 2949 8422

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   CV2022-900020.00   Domestic Return Receipt

USPS TRACKING #



9590 9402 6798 1074 1980 42

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

CIRCUIT CLERK OF FAYETTE

P.O. BOX 906

FAYETTE, AL 35555

205-932-4617

32CV2022-900020.00

ELECTRONICALLY FILED
6/13/2022 4:22 PM
32-CV-2022-900020.00
CIRCUIT COURT OF
FAYETTE COUNTY, ALABAMA
SAMANTHA W. HOWARD, CLERK

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

| | | |
|---|---|---|
| IRIS ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 32-CV-2022-900020.00 |
| | ) | |
| WAL-MART STORES EAST, LP; | ) | |
| SARA WEBB, an individual; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW one of the Defendants in the above-styled action, **Walmart Stores East, L.P.** and submits this Notice of Filing Notice of Removal.  On June 13, 2022, Defendant filed a Notice of Removal in the United States District Court for the Northern District of Alabama, Jasper Division. A copy of this Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,


s/ *Chris Zulanas*
_____
Christopher J. Zulanas (ZUL001)
Attorney for Defendant
Walmart Stores East, LP

OF COUNSEL:
Friedman Dazzio & Zulanas PC
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
205.278.7000 phone
205.278.7001 fax

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have caused a copy of the foregoing *Notice of Filing Notice of Removal* with the Court and same to be issued via electronic mail on this date: June 13, 2022.

W. Roper Elrod
WETTERMARK & KEITH LLC
100 Grandview Parkway, Suite 530
Birmingham, AL 35243
Telephone: (205) 212-3039
Facsimile: (205) 747-4952
Email: relrod@wkfirm.com
Attorney for Plaintiff

Sara Joan Webb
11592 Highway 107
Winfield, AL 35594-4270

_____
            s/ *Chris Zulanas*
OF COUNSEL

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| IRIS ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | _____ |
| WALMART STORES EAST, L.P., | ) | |
| a corporation; SARA WEBB, an | ) | |
| individual; and Fictitious Defendants | ) | |
| A through C, being the person, firm, or | ) | |
| corporation which owned, operated or | ) | |
| controlled the WAL-MART Store | ) | |
| located at 3186 AL-171 N, Fayette, AL | ) | |
| 35555 on or about June 19, 2020; | ) | |
| D through F, being the person, firm, or | ) | |
| corporation who was responsible for | ) | |
| maintaining and keeping the aisles of | ) | |
| the WAL-MART Store located at 3186 | ) | |
| AL-171 N, Fayette, AL 35555 free of | ) | |
| debris and tripping or slipping hazards | ) | |
| at the time of Plaintiff's injury; and | ) | |
| G through I, being the individual | ) | |
| manager or supervisory person at the | ) | |
| WAL-MART Store located at 3186 | ) | |
| AL-171 N, Fayette, AL 35555, who | ) | |
| was responsible for maintaining and | ) | |
| keeping the premises free of slipping | ) | |
| and tripping hazards at the time of the | ) | |
| Plaintiff's injury, whose true names | ) | |
| and legal status are unknown to the | ) | |
| Plaintiff at this time, but who will be | ) | |
| added by amendment as soon as | ) | |
| ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW one of the Defendants in the above-styled action, **Walmart Stores East, L.P.**, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Fayette County, Alabama to the United States District Court for the Northern District of Alabama, Jasper Division.  In support of this removal, Defendant states as follows:

## I. PROCEDURAL BACKGROUND

1. On May 11, 2022, Iris Robertson ("Plaintiff") filed a Complaint against the Defendants in Fayette County, Alabama, Civil Action No. 32-CV-2022-900020.

2. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as **Exhibit 1**.

3. Walmart Stores East, L.P. was served with the summons and complaint on May 13, 2022. Upon information and belief, Sara Webb has not been served with the summons and complaint.

4. Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading, and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order, or other paper. 28 U.S.C. §1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for

the removal. *See* 28 U.S.C. §1446(b); *Lowery v. Ala. Power Co.*, 483 F.3d 1184,1212-13 (11th Cir. 2007).

5.     Prior to the filing of the subject suit, Defendant was provided with a letter from Plaintiff's counsel demanding $350,000.00 as a result of the incident made the basis of this lawsuit.  (**Exhibit 2**, letter from Plaintiff's Counsel). The letter further alleges Plaintiff has incurred medical expenses of over $32,000.00 to date. (Ex. 2, letter from Plaintiff's Counsel). Plaintiff's Complaint asserts she "suffered physically and emotionally," and "seeks to recover for the following injuries and economic/non-economic damages: (a) [p]ast medical expenses; (b) [f]uture medical expenses; (c) [p]ast and future wage loss including permanent impairment of earning capacity; (d) [p]ermanent physical disability; (e) [p]ast and future physical pain and mental anguish; and (f) [o]ther damages allowed by the law" for which she demands compensatory and punitive damages. (Complaint, ¶ 18).

Based upon Plaintiff's claims and settlement demand, it is clear alleged damages in this lawsuit equate to over $75,000.00. Consequently, this matter is removable under 28 U.S.C. § 1446(b) within thirty days after the service of the Complaint on Defendant. Although Defendant denies liability alleged against it by Plaintiff, it is unquestionable that the damages claimed by Plaintiff in this matter exceed the $75,000 amount in controversy for removal under diversity jurisdiction.

6.      This notice is being filed with the United States District Court within thirty (30) days after receipt of the initial pleadings. Therefore, this notice is timely under 28 U.S.C. § 1446(b).

7.      This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and the Defendants. Additionally, the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II. **DIVERSITY JURISDICTION**

8.      As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Furthermore, this Notice of Removal has been filed within thirty (30) days of the date when Defendants received service of the Complaint and, therefore, complies with the procedural requirements of 28 U.S.C. § 1441(b).

### A.      **There Is Complete Diversity of Citizenship Between the Parties**

9.      This action involves "citizens of different states." 28 U.S.C. §1332(a)(1).

10.     Plaintiff Iris Robertson is an individual resident of Fayette County, Alabama. (Complaint, ¶ 1).

11.     Defendant Wal-Mart Stores East, L.P. is an Arkansas limited liability company with its principal place of business in Arkansas. (Alabama Secretary of State Business Entity Records, attached hereto as **Exhibit 3**).

12.     Defendant Sara Webb is an individual resident of Greene County, Tennessee. (Affidavit of Sara Webb, attached hereto as **Exhibit 4**).

13.     Accordingly, the Defendants are not citizens of Alabama, Plaintiff's place of residence, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). *See MacGinnitie v. Hobbs Group*, 420 F.3d 1234, 1239 (11th Cir. 2005) (stating "For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.").

14.     It has long been held that the court's diversity jurisdiction is established at the time the notice of removal is filed.  *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Further, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(b).

15.     Accordingly, there is complete diversity among the Plaintiff and Defendants in this matter.

**B.     The Amount-In-Controversy Requirement is Satisfied**

16.     The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

17.    In her complaint, Plaintiff alleges she suffered severe and permanent injuries, past and future physical pain, past and future mental anguish and lost wages. (Complaint ¶¶ 8, 18-19). As a result of this alleged injury, Plaintiff seeks damages for negligence and wantonness in an unspecified amount. (Complaint, ¶¶ 9-11). Plaintiff seeks recovery of previously incurred medical expenses, as well as future medical expenses, past and future lost wages, and other monetary losses as damages in this case. (Complaint, ¶¶ 18-19).

18.    Where there is an unspecified claim for damages, a removing defendant is not required to prove the plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Instead, the defendant faces the lower burden of demonstrating "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement. *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389 (citing *Tapscott*, 77 F.3d at 1357). *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389.

19.    To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Rowe v.*

*Michelin. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010) (concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal" including defendants' own affidavits, declarations, or other documents). Such evidence may include demand letters received from the plaintiff. *Partridge v. Target Corp.*, No. CV 10-PWG-2428-NE, 2011 WL 13229686, at *2 (N.D. Ala. July 11, 2011) (citing *Lowery v. Ala. Power*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007)); *Foshee v. Cleavenger*, No. 2:14CV965-SRW, 2014 WL 6978276, at *5 (M.D. Ala. Dec. 4, 2014).

20.     Moreover, the Eleventh Circuit has stated:

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id*. at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See Id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams [v. Best Buy Co., Inc.]*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met).  Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe v. Michelin Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

21.    The preponderance of the evidence establishes that the amount in controversy requirement is met in this action. In fact, Plaintiff demanded $350,000 for her claims. (Exhibit 3). Thus, Plaintiff herself has alleged that her damages in this matter exceed the $75,000.00 threshold for diversity jurisdiction under § 1332(a).

22.    Moreover, this Court is allowed to look to judicial experience to reasonably deduce the amount in controversy. In similar cases wherein a plaintiff has successfully asserted claims against a defendant for severe and permanent physical injury arising from a fall on the defendant's premises, jury verdicts have exceeded the jurisdictional requirement. *See Methvin, et al. v. Coca-Cola Bottling Co. Consolidated, et al.*, 19 Ala. Civ. Trial Rptr. 3-24, 2019 WL 1983922 (Cir. Ct. Mobile Cnty. Jan. 16, 2019) (awarding plaintiff Melissa Methvin $1,400,000.00 in damages for injuries sustained when plaintiff slipped and fell on water located on the floor); *Letson v. Huntsville Hospital*, 18 Ala. Civ. Trial Rptr. 6-15, 2018 WL 3105528 (Cir. Ct. Madison Cnty. Mar. 12, 2018) (providing a settlement of $145,000 to the plaintiff for sustained knee and back injuries in a trip and fall at her place of employment); *Preston v. Medical Ctr. Hotel, Inc., et al.*, 15 Ala. Civ. Trial Rptr. 11-12, 2015 WL 7729423 (Cir. Ct. Jefferson Cnty. June 15, 2015) (awarding $420,050.00 in damages to plaintiff on her claims of negligence against defendants

Medical Center Hotel and Blumberg arising out of her trip and fall over a floor drain on defendants' premises).

23.     As such, the amount in controversy requirement of 28 U.S.C § 1332(a) is met as the preponderance of the evidence establishes that Plaintiff seeks over $75,000.00 in compensatory and punitive damages from the Defendants.

### C.     <u>The Other Prerequisites for Removal Have Been Satisfied</u>

24.     In addition to satisfying the requirements for diversity of jurisdiction, Defendants have satisfied all other requirements for removal.

25.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

26.     Defendants have not previously removed this action.

27.     Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage and no discovery has occurred.

28.     Removal to this district and division is proper under 28 U.S.C § 81(a)(1) because this district and division embraces the Circuit Court of Fayette County, Alabama, the forum in which the removed action was pending.

29.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Fayette County, Alabama, where this action was pending.

## III. <u>CONCLUSION</u>

30.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, PREMISES CONSIDERED, Defendant Walmart Stores East, L.P. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Fayette County, Alabama, to the United States District Court for the Northern District of Alabama, Jasper Division.

Respectfully submitted,

_____
    s/ *Chris Zulanas*
Christopher J. Zulanas (ASB-1572-U82C)
Gwendolyn A. Gordon (ASB-2775-O74A)
*Counsel for the Defendant*
*Walmart Stores East, L.P.*

<u>OF COUNSEL</u>:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
ggordon@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail and/or CM/ECF notification on this date:  June 13, 2022.

W. Roper Elrod
Wettermark & Keith, LLC
100 Grandview Parkway, Ste 530
Birmingham, AL 35243
relrod@wkfirm.com
*Counsel for the Plaintiff*

s/ *Chris Zulanas*
OF COUNSEL

AlaFile E-Notice

32-CV-2022-900020.00

To:  CHRISTOPHER J. ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL
32-CV-2022-900020.00

The following NOTICE OF REMOVAL was FILED on 6/13/2022 4:21:42 PM

Notice Date:    6/13/2022 4:21:42 PM

SAMANTHA W. HOWARD
CIRCUIT COURT CLERK
FAYETTE COUNTY, ALABAMA
113 TEMPLE AVENUE NORTH, P.O. BOX 906
FAYETTE, AL, 35555

205-932-4617
samantha.howard@alacourt.gov



AlaFile E-Notice

32-CV-2022-900020.00

To:  WAL-MART STORES EAST, LP (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST., STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL
32-CV-2022-900020.00

The following NOTICE OF REMOVAL was FILED on 6/13/2022 4:21:42 PM

Notice Date:     6/13/2022 4:21:42 PM

SAMANTHA W. HOWARD
CIRCUIT COURT CLERK
FAYETTE COUNTY, ALABAMA
113 TEMPLE AVENUE NORTH, P.O. BOX 906
FAYETTE, AL, 35555

205-932-4617
samantha.howard@alacourt.gov



AlaFile E-Notice

32-CV-2022-900020.00

To:  WEBB SARA JOAN (PRO SE)
11592 HIGHWAY 107
WINFIELD, AL, 35594-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL
32-CV-2022-900020.00

The following NOTICE OF REMOVAL was FILED on 6/13/2022 4:21:42 PM

Notice Date:     6/13/2022 4:21:42 PM

SAMANTHA W. HOWARD
CIRCUIT COURT CLERK
FAYETTE COUNTY, ALABAMA
113 TEMPLE AVENUE NORTH, P.O. BOX 906
FAYETTE, AL, 35555

205-932-4617
samantha.howard@alacourt.gov



AlaFile E-Notice

32-CV-2022-900020.00

To:   ELROD WILLIAM ROPER
      wrelrod27@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL
32-CV-2022-900020.00

The following NOTICE OF REMOVAL was FILED on 6/13/2022 4:21:42 PM

Notice Date:     6/13/2022 4:21:42 PM

SAMANTHA W. HOWARD
CIRCUIT COURT CLERK
FAYETTE COUNTY, ALABAMA
113 TEMPLE AVENUE NORTH, P.O. BOX 906
FAYETTE, AL, 35555

205-932-4617
samantha.howard@alacourt.gov

AlaFile E-Notice

32-CV-2022-900020.00

To:  CHRISTOPHER J. ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF FAYETTE COUNTY, ALABAMA

IRIS ROBERTSON V. WAL-MART STORES EAST, LP ET AL
32-CV-2022-900020.00

The following NOTICE OF REMOVAL was FILED on 6/13/2022 4:21:42 PM

Notice Date:     6/13/2022 4:21:42 PM

SAMANTHA W. HOWARD
CIRCUIT COURT CLERK
FAYETTE COUNTY, ALABAMA
113 TEMPLE AVENUE NORTH, P.O. BOX 906
FAYETTE, AL, 35555

205-932-4617
samantha.howard@alacourt.gov